## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EARTH FARE, INC., *et al.*,[1] | ) | Case No. 20-10256 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Earth Fare, Inc. and EF Investment Holdings, Inc. (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and collectively with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, which were assisted by their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared based on information provided by the Debtors' management and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Schedules and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Earth Fare, Inc. (3936) and EF Investment Holdings, Inc. (8084). The mailing address for each of the Debtors is 220 Continuum Drive, Fletcher, North Carolina 28732.

[2] These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to any of the Debtors' remaining Schedules and Statements, as appropriate.

Statements, and inadvertent errors, omissions or inaccuracies may exist. The Debtors and their estates reserve all rights to amend or supplement their Schedules and Statements.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

**Description of the Cases and "As of" Information Date**. On February 4, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 6, 2020, the Court entered an order [Docket No. 46] authorizing the joint administration of the Debtors' chapter 11 cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b). All financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date unless otherwise indicated herein or in the Schedules and Statements.

**Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors. Therefore, combining the assets and liabilities set forth in the Schedules and Statements could result in amounts that could be substantially different from any financial information regarding the Debtors prepared on a consolidated basis under GAAP. Unlike any consolidated financial statements, the Schedules and Statements, except where otherwise indicated herein or in the Schedules and Statements, reflect the assets and liabilities of each Debtor on a non-consolidated basis, where possible.

**Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Consolidated Entity Accounts Payable and Disbursement Systems**. The Debtors maintain a centralized cash management system (the "**Cash Management System**"). The Debtors maintain the Cash Management System to collect, concentrate, and disburse funds generated from their operations. A more complete description of the Debtors' Cash Management System is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving (A) Continued Use of Cash Management System and (B) Use of Prepetition Bank Accounts and Business Forms; (II) Authorizing Banks to Honor Certain Transfers and Charge Certain Amounts; (III) Waiving the Requirements of Section 345(b) of the Bankruptcy Code on an Interim Basis; and (IV) Granting Related Relief* [Docket No. 10] (the "**Cash Management Motion**") filed on the Petition Date.

26132950.4

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) current or former directors, officers or persons in control of a Debtor, (b) relatives of current or former directors, officers, or persons in control of a Debtor, (c) a partnership in which a Debtor is a general partner or (d) an affiliate of a Debtor. Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

a.  **Current Market Value—Net Book Value**.  In many instances, current market valuations are neither maintained by, nor readily available to, the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements) and may not reflect the net realizable value.

b.  **First Day Orders**.  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "**First Day Order**," and collectively, the "**First Day Orders**"), the Debtors and their estates are authorized to pay certain pre-petition claims, including, without limitation, certain claims related to employee wages and benefits, claims for taxes and fees, claims related to customer programs, and claims related to insurance programs.  Except to the extent that these parties have claims in excess of the authority granted to the Debtors under the First Day Orders, in certain instances, the Debtors may have not included certain claims of this nature in the Schedules and Statements.

c.  **Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from

the Debtors' Schedules and Statements.  The Debtors and their estates reserve all of their rights with respect to any such setoffs.

d.  **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors and their estates reserve all of their rights with regard to such credits, allowances and other adjustments, including, without limitation, the right to assert claims objections, setoffs and recoupments with respect to the same.

e.  **Accounts Receivable**.  The accounts receivable information listed on Schedule B includes both billed and unbilled receivables, and is net of allowance for doubtful accounts.

f.  **Leases**.  In the ordinary course of business, the Debtors may lease certain real property, fixtures and equipment from certain third-party lessors for use in the daily operation of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

g.  **Entity Classification Issues**.  The Debtors have endeavored in good faith to identify the assets owned by each Debtor, the liabilities owed by each Debtor, and the Debtor that is a counterparty to executory contracts and unexpired leases.  While the Schedules reflect the results of this effort, several factors may affect the ability of the Debtors to precisely assign assets, liabilities, and executory contacts and unexpired leases to particular Debtor entities.  In instances where a creditor classification between Earth Fare, Inc. and EF Investment Holdings, Inc. is unclear, liabilities have been reported at Earth Fare, Inc.

h.  **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, the Debtors' executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve any and all rights with respect to the assertion of any such claims.

26132950.4

4

**Unknown or Undetermined Amounts**.  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**.  At the time of the filing of the Schedules and Statements, the Debtors are continuing to reconcile certain accounts payable liabilities.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information available at the time of the filing of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code or PACA and PASA (as defined at Docket No. 15).  Accordingly, the Debtors and their estates reserve all rights to dispute or challenge the validity of any claims asserted under section 503(b)(9) of the Bankruptcy Code, PACA, or PASA or the characterization of the structure of any transaction, document or instrument related to any such claim.

**Estimates**.  To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "unsecured priority," or (c) on Schedule F as "unsecured non-priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors or their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors or their estates to recharacterize or reclassify any claim or contract.

**Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor and its estate that such amount is not "disputed," "contingent" or "unliquidated."  The Debtors and their estates reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their Schedules on any grounds, including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Listing a claim on the Schedules does not constitute an admission of liability by the Debtors and their estates, and the Debtors and their estates reserve all rights to amend the Schedules.

**Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "**Guaranties**") with respect to the Debtors' contracts and leases may not be included on Schedule H; however, certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and similar agreements may exist.  Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

26132950.4

## NOTES FOR SCHEDULES

**Schedule A/B— Assets – Real and Personal Property**. Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in their respective Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.  The Debtors and their estates reserve all of their rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way prejudice, impair or otherwise affect the assertion of such claims and causes of action.

Patents, trademarks, and other intellectual property is listed on Schedule B, Part 10 as an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

Any leasehold improvements and equipment identified on Schedule B, Part 8 are listed net of any depreciation.

As applicable, ownership interests in businesses, partnerships, and joint ventures (including any subsidiaries) have been listed in Schedule B, Part 4, at net book value.  The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the listed net book value.

Since the deposit provided for under that certain *Final Order (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies Adequately Assured of Future Payment, (III) Establishing Procedures for Determining Additional Adequate Assurance of Payment, and (IV) Setting a Final Hearing Related Thereto* [Docket No. 239] did not exist as of the Petition Date, the Debtors have not accounted for it on Schedule A/B.

**Schedule D—Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim.  The descriptions provided in Schedule D are intended only to be a summary.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties that may hold security deposits.

26132950.4

By listing a party on Schedule D based on a UCC-1 filing, the Debtors and their estates are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these Global Notes.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses to which such parties may be entitled.

**Schedule E—Creditors Holding Unsecured Priority Claims**.  The Debtors have not listed on Schedule E certain tax and priority employee wage and benefit claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order.  The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders.  The Debtors and their estates reserve all rights to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

**Schedule F—Creditors Holding Unsecured Non-Priority Claims**.  Certain creditors listed on Schedule F may owe amounts to the Debtors; as such, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Schedule F.  Also, the amounts listed on Schedule F reflect known prepetition claims as of Petition Date.  Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Schedule F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them.  The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

As noted above, certain claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code, PACA or PASA, and the Debtors and their estates reserve all rights with respect to any such claims.

Schedule F contains certain information regarding pending litigation involving the Debtors.  The amounts for these potential claims are listed as unknown or undetermined, contingent, unliquidated and disputed in the Schedules.

The Debtors have used commercially reasonable efforts to include all creditors on Schedule F; however, the Debtors believe that there are instances in which vendors have yet to provide proper invoices for prepetition goods or services.  While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such may not have been included on Schedule F.

The Debtors may not have listed on Schedule F certain (but not all) unsecured non-priority employee wage or benefit claims, claims related to customer programs, or claims related to the Debtors' insurance programs for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order.  The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders.  The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Schedule F are entitled to priority claims.

26132950.4

**Schedule G—Executory Contracts and Unexpired Leases**.  Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred in preparing Schedule G.  In the ordinary course of business, the Debtors enter into various agreements with their customers and vendors.  The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, letter agreements, and confidentiality agreements that may not be set forth in Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtors are a party, including, without limitation, to add any executory contracts, unexpired leases and other agreements that the Debtors, due to the voluminous number of such contracts, leases and agreements, were unable to list on Schedule G at this time. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable.  The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

Any and all rights, claims and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved.  The Debtors and their estates hereby reserve all of their rights to:  (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary, including, without limitation, to modify which Debtor entity is a counterparty to the agreement.

## NOTES FOR STATEMENTS

**Statement 3**.  Statement 3 includes any disbursement or other transfer made by the Debtor, except for those made to insiders, employees, and bankruptcy professionals.  The amounts listed in Statement 3 reflect that Debtor's disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

**Statement 7**.  The Debtors and their estates reserve all rights, claims and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such suits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors.  The Debtors and their estates reserve all rights to assert that the Debtors are not an appropriate party to such actions or proceedings.  The Debtors may not have included on Statement 7 certain parties that may have asserted informal workers' compensation claims or similar claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.

26132950.4

**Statement 11**.   Debtor Earth Fare, Inc. made payments on behalf of the Debtors to various professionals for restructuring services.

**Statement 26(d)**. From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors.  Due to the confidentiality requirements of related non-disclosure agreements, and the number of parties that have received such statements, such parties are not listed in response to this question.

26132950.4

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | EF Investment Holdings, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 20-10255 |

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

04/19

---

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | NOT APPLICABLE |
   |---|

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | NOT APPLICABLE |
   |---|

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | UNKNOWN |
   |---|

---

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

   | NOT APPLICABLE |
   |---|

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . .

   | NOT APPLICABLE |
   |---|

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . .

   | + | NOT APPLICABLE |
   |---|---|

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b

   | NOT APPLICABLE |
   |---|

---

| | |
|---|---|
| **Fill in this information to identify the case:** | |
| Debtor    EF Investment Holdings, Inc. | |
| United States Bankruptcy Court for the:    District of Delaware | |
| Case number   20-10255 <br> (if known) | |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property     04/19

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    CASH AND CASH EQUIVALENTS

1. **DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
   - ☑ No. Go to Part 2.
   - ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2.   **CASH ON HAND** | |
| 3.   **CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** <br> *(IDENTIFY ALL)* | |
| 4.   **OTHER CASH EQUIVALENTS** | |
| 5   **Total of Part 1.** <br> ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | NOT APPLICABLE |

### Part 2:    DEPOSITS AND PREPAYMENTS

6. **DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
   - ☑ No. Go to Part 3.
   - ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 7.   **DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS** <br> DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |
| 8.   **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** <br> DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |
| 9   **Total of Part 2.** <br> ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | NOT APPLICABLE |

Debtor     EF Investment Holdings, Inc.                                    Case number (if known)     20-10255

(Name)

| Part 3: | ACCOUNTS RECEIVABLE |
|---|---|

**10. DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**
☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11. ACCOUNTS RECEIVABLE**

| **12** | **Total of Part 3.** CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |
|---|---|---|

| Part 4: | INVESTMENTS |
|---|---|

**13. DOES THE DEBTOR OWN ANY INVESTMENTS?**
☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**
NAME OF FUND OR STOCK:

**15. NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

**16. GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**
DESCRIBE:

| **17** | **Total of Part 4.** ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | NOT APPLICABLE |
|---|---|---|

| Part 5: | INVENTORY, EXCLUDING AGRICULTURE ASSETS |
|---|---|

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**
☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**19. RAW MATERIALS**

**20. WORK IN PROGRESS**

**21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE**

**22. OTHER INVENTORY OR SUPPLIES**

| **23** | **Total of Part 5.** ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | NOT APPLICABLE |
|---|---|---|

**24. Is any of the property listed in Part 5 perishable?**
☑ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes     Book value _____     Valuation method _____     Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
- ☒ No
- ☐ Yes

## Part 6:  FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)

**27. DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
- ☒ No. Go to Part 7.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29. FARM ANIMALS** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30. FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)**  (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31. FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32. OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |
| **33 Total of Part 6.** ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | | | NOT APPLICABLE |

**34. Is the debtor a member of an agricultural cooperative?**
- ☒ No
- ☐ Yes.  Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☒ No
- ☐ Yes

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
- ☒ No
- ☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☒ No
- ☐ Yes

## Part 7:  OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES

**38. DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
- ☒ No. Go to Part 8.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. OFFICE FURNITURE** | | | |
| **40. OFFICE FIXTURES** | | | |
| **41. OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| **42. COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |
| **43 Total of Part 7.** ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | | | NOT APPLICABLE |

| Debtor | EF Investment Holdings, Inc | Case number (if known) | 20-10255 |
|---|---|---|---|
| | (Name) | | |

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

46. **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES**

48. **WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES** *EXAMPLES:* BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS

49. **AIRCRAFT AND ACCESSORIES**

50. **OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)**

51. **Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

NOT APPLICABLE

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 9: | REAL PROPERTY |
|---|---|

54. **DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

55. **ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

56. **Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

NOT APPLICABLE

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Debtor | EF Investment Holdings, Inc | Case number (if known) | 20-10255 |
|--------|-----------------------------|------------------------|----------|

(Name)

| Part 10: | INTANGIBLES AND INTELLECTUAL PROPERTY |
|----------|----------------------------------------|

**59.** **DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|-----------------------------------------|------------------------------------|

**60.** **PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS**

**61.** **INTERNET DOMAIN NAMES AND WEBSITES**

**62.** **LICENSES, FRANCHISES, AND ROYALTIES**

**63.** **CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS**

**64.** **OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY**

**65.** **GOODWILL**

**66** **Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

NOT APPLICABLE

**67.** **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☒ No

☐ Yes

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☒ No

☐ Yes

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☒ No

☐ Yes

| Part 11: | ALL OTHER ASSETS |
|----------|------------------|

**70.** **DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☒ No. Go to Part 12.

☐ Yes. Fill in the information below.

Current value of debtor's interest

**71.** **NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)

**72.** **TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)

**73.** **INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

**74.** **CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

**75.** **OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

**76.** **TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

**77.** **OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

| Debtor | EF Investment Holdings, Inc. | Case number (if known) | 20-10255 |
|---|---|---|---|
| | (Name) | | |

| 78 | **Total of Part 11.**<br>ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | NOT APPLICABLE |
|---|---|---|

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 12:    Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80.** **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| **81.** **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82.** **Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83.** **Investments.** *Copy line 17, Part 4.* | | |
| **84.** **Inventory.** *Copy line 23, Part 5.* | | |
| **85.** **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86.** **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| **87.** **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| **88.** **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ | | N/A |
| **89.** **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| **90.** **All other assets.** *Copy line 78, Part 11.* | + | |
| **91.** **Total.** Add lines 80 through 90 for each column . . . . . . . . 91a. | $0.00 | + 91b. N/A |

| 92. | **Total of all property on Schedule A/B.** **Lines 91a + 91b = 92.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $0.00 |
|---|---|---|

**Fill in this information to identify the case:**

Debtor    EF Investment Holdings, Inc.

United States Bankruptcy Court for the:    District of Delaware

Case number   20-10255
(if known)

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

04/19

Be as complete and accurate as possible.

1.    1.   **Do any creditors have claims secured by debtor's property?**

       ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

       ☐ Yes. Fill in all of the information below.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>EF Investment Holdings, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>20-10255</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims          04/19

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY
unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts
on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases*
(Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach
the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.    **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☒ No. Go to Part 2.
   ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.    **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority
      unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.    Add the amounts of priority and nonpriority unsecured claims.

Total of claim amounts

| | | |
|---|---|---|
| 5a. | Total claims from Part 1 | 5a. |   NOT APPLICABLE |
| 5b. | Total claims from Part 2 | 5b. + |   NOT APPLICABLE |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. |   NOT APPLICABLE |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | EF Investment Holdings, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 20-10255 |

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                04/19

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.    **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**Fill in this information to identify the case:**

Debtor _____EF Investment Holdings, Inc._____

United States Bankruptcy Court for the: _____District of Delaware_____

Case number _____20-10255_____
(if known)

☐ Check if this is an
amended filing

Official Form 206H

# Schedule H: Codebtors
4/19

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

---

1.  **Does the debtor have any codebtors?**

    ☑ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☐ Yes.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>EF Investment Holdings, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>20-10255</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                    04/19

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### ▊ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   3/11/2020
          MM / DD / YYYY

✖ /s/ Mindy Harvey
Signature of individual signing on behalf of debtor

Mindy Harvey
Printed name

Chief Financial Officer
Position or relationship to debtor